**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDWARD BIENIASZ,

    Plaintiff,

v.                                                          Case No. 08-CV-13329

GROVE PARK HOMES IMPROVEMENT
ASSOCIATION et al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

The court has reviewed Plaintiff Edward Bieniasz's "Motion to Enjoin Effect of Foreclosure Pursuant to FRCP 65 and Local Rule 65.1," docketed as a motion for preliminary injunction, but which seeks a temporary restraining order. Upon review of the motion, the court is not persuaded that Plaintiff has met the high standard for obtaining a temporary restraining order.

The purpose of an injunction is not to remedy past wrongs, but rather to prevent the occurrence of threatened future wrongs. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (citing *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928)). When a past wrong has already occurred, a court must determine that some "cognizable danger of recurrent violation" exists. *Id.* Moreover, the issuance of an injunction may be justified when "no right has yet been violated," *Swift & Co.*, 276 U.S. at 326, if "the moving party . . . satisf[ies] the court that relief is needed." *W.T. Grant Co.*, 345 U.S. at 633.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

Plaintiff's motion fails to meet the standard articulated above. Instead, it presents procedural background and a description of facts that *might* support Plaintiff's plea for relief. Nonetheless, the court is not persuaded that there is a risk of *irreperable* harm,

2

nor is there a particularly high likelihood of success on the merits.[1] The court will instead schedule a status conference, where counsel will discuss the issues raised in Plaintiff's motion. Accordingly,

IT IS ORDERED that Plaintiff's motion for preliminary injunction [Dkt. # 7] is DENIED. Plaintiff shall serve Defendants with copies of the summons, complaint and this order by **August 28, 2008**.

IT IS FURTHER ORDERED that Plaintiff's counsel shall contact the chambers of Judge Victoria A. Roberts by **August 28, 2008** in order to schedule a status conference.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE
Acting in the absence of Judge Victoria Roberts

Dated: August 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 14, 2008, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] Indeed, the court has preliminary concerns regarding the jurisdictional allegations.