UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BIENIASZ,

    Plaintiff,

vs                                                Case No: 08-13329
                                                Honorable Victoria A. Roberts

GROVE PARK HOMES IMPROVEMENT
ASSOCIATION, ET AL,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### I.    BACKGROUND AND PROCEDURAL HISTORY

Edward Bieniasz is a previous owner of five properties within Grove Park Homes subdivision. Grove Park Homes Improvement Association ("GPHIA") is the homeowners' association. Joseph Koenig controls the GPHIA Board of Directors and has an interest in Grove Park Homes, LLC. ("GPHLLC"). Ruby Smith is the Chair of the GPHIA Board.

On May 21, 2009, Bieniasz filed a Second Amended Complaint alleging Defendants violated RICO, and Koenig breached his fiduciary duties. Bieniasz also requests an accounting and an injunction.

The Court previously denied Bieniasz's request for an injunction.

Before the Court is Defendants' "Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (b)(6) and 17." (Doc. #46). Defendants ask the Court to dismiss Bieniasz's Second Amended Complaint in its entirety.

1

## II.   STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Because a Fed. R. Civ. P. 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller*, 50 F.3d at 377 (citing *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).  Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240 (citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## III.   APPLICABLE LAW AND ANALYSIS

### A.   Bieniasz's RICO Claim

Under 18 U.S.C. §1964(c):

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United

>States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee[.]
>To have standing to sue under §1964(c), Defendants' conduct must be a

proximate cause of Bieniasz's alleged injuries. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). In a RICO case, proximate cause is shown when "the wrongful conduct [is] a substantial and foreseeable cause" of the injury and the relationship between the wrongful conduct and the injury is "logical and not speculative." *See Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004).

To prove Defendants violated 18 U.S.C. §1962, Bieniasz must prove: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). "Racketeering activity" includes activity that is indictable under 18 U.S.C. §1341 (relating to mail fraud), 18 U.S.C. §1343 (relating to wire fraud), and 18 U.S.C. §1344 (relating to financial institution fraud). 18 U.S.C. §1961(1)(B).

Bieniasz's Second Amended Complaint alleges:

. . .

7. The subdivision known as "Grove Park Homes" is governed by [a] Declaration of Covenants, Conditions and Restrictions as well as by Bylaws (the "Governing Documents")[.]

8. Those Governing Documents permit the GPHIA to impose assessments in the amount of $161.44 per year.

9. The Governing Documents require, among other things, that the assessments be used for the recreation, health, safety and welfare of the residents of Grove Park.

10. At the time that this case was filed, Edward Bieniasz owned five properties within Grove Park Homes. The GPHIA has recorded liens in connection with the assessments referenced above, and has foreclosed the Bieniasz properties by advertisement.

. . .

## COUNT I
## RICO CLAIMS

. . .

15. Upon information and belief, Joseph Koenig and/or Ruby Smith used or invested money derived from GPHIA for real estate transactions and/or business activities that were carried out through bank, wire and/or mail fraud.

16. Koenig and/or Grove Park Homes, LLC obtained substantial sums from the GPHIA through fraud or misrepresentation. Koenig further committed fraud in connection with a Chapter 11 bankruptcy filed by Grove Park Homes, LLC.

17. Koenig has an interest in or maintains control of enterprise(s) engaged in interstate commerce through a pattern of racketeering, including bank, wire, mail and/or bankruptcy fraud. Specifically, those enterprises included GPHLLC and GPHIA.

18. These fraudulent acts include, but are not necessarily limited to, the misappropriation of approximately $56,000.00 in 2005 when Koenig took control of the GPHIA board.

19. Mr. Koenig and[]GPHLCC[sic] received funds improperly from GPHIA in an amount in excess of $60,000.00 during 2005 and 2006 without documentation.

20. In 2006, there were several other disbursements, including some checks written to cash from GPHIA that . . ., upon information and belief, went to Koenig and/or entities he controls.

21. These actions constitute a continuous pattern of repeated conduct over a closed period of time.

22. Koenig, GPHLLC and Smith used the mails for the purpose of further[ing] the conduct in violation of the Racketeer Influenced and Corrupt Organizations Act set forth in this complaint.

23. Koenig, Grove Park Homes, LLC, Smith and other members of the Board of GPHIA conspired to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961, 1962 and 1964, and carried out or assisted in overt racketeering acts that furthered the underlying violations of those sections of the Act.

24. As a result of the violations described herein, Plaintiff has been damaged financially and by the . . . properties he owned at Grove Park as well as by financial losses stemming from the improper actions of Defendants.

As Defendants point out, these facts are "thin and ill-formulated" and do not begin to meet the pleading standard of Fed. R. Civ. P. 8(a), or the standard most recently announced in *Iqbal*.

The Court denies as futile Bieniasz's request to file a third amended complaint. Assuming Bieniasz could plead his RICO claim with more specificity, he lacks standing to bring this claim. Bieniasz cannot show how Defendants' alleged misappropriation of funds from GPHIA was a "substantial and foreseeable" cause of the foreclosure on Bieniasz's properties or Bieniasz's financial losses.

Bieniasz's RICO claim is dismissed.

### B. State-Law Claims

The Court declines to exercise supplemental jurisdiction over Bieniasz's state-law claims. These claims are dismissed. *See Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997) ("A district court may decline to exercise supplemental jurisdiction over a state law claim where it has dismissed all of the federal claims over which it had original jurisdiction") (citing 28 U.S.C. §1367(c)(3)).

### IV. CONCLUSION

Defendants' motion is **GRANTED**. The Court **DISMISSES** Bieniasz's RICO claim **WITH PREJUDICE**; his state-law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED.**

                                  s/Victoria A. Roberts  
                                  Victoria A. Roberts  
                                  United States District Judge

Dated: December 4, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 4, 2009.

s/Linda Vertriest
Deputy Clerk